James Lee **ROBERTSON**, Appellant,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services of the United States, Appellee.

No. 90–1523SI.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1990.

Decided Feb. 15, 1991.

Max Schott, Des Moines, Iowa, for appellant.

Harry B. Mallin, Kansas City, Mo., for appellee.

Before McMILLIAN, FAGG, Circuit Judges, and ARNOLD,* District Judge.

**MORRIS SHEPPARD ARNOLD,**
District Judge.

This is a social security case. The claimant appeals from the district court's [1] determination that the Secretary of Health and Human Services (the Secretary) did not err

---

in denying claimant disability benefits under Title II and supplementary security income benefits under Title XVI of the Social Security Act.

The procedural history of this dispute is prolix and we note only so much of it here as is necessary to provide for a basic understanding of the case. Claimant first applied for benefits in 1983, alleging disability by reason of schizophrenia, and the Social Security Administration denied his application throughout the administrative process. Claimant then initiated a judicial review proceeding and the district court remanded the case to the Secretary in 1985. In 1986, an ALJ determined that claimant was not disabled and in this the Appeals Council affirmed him in 1987. No further proceedings in the case took place until 1989, when claimant moved to reopen his case in the district court. The district court ruled that the motion to reopen was untimely under 42 U.S.C. § 405(g), which requires any individual, "after any final decision of the Secretary," to request judicial review "within sixty days after the mailing" to that person of a notice of the decision. The court also found that principles of equitable tolling were unavailable to claimant under the circumstances of the case. In the alternative, the court held that the Secretary's finding should be affirmed on the merits.

### I.

We turn first to a consideration of whether this case was properly before the district court, since 42 U.S.C. § 405(g) requires a disappointed claimant to seek judicial review within sixty days after the Secretary's adverse decision is mailed to him. We hold that the case was indeed properly before that court. If we were to adopt the Secretary's position, a claimant whose case was remanded would have to file a new petition for judicial review. We deem this incorrect as contrary to both common sense and the custom of most district courts. We view it as well settled that a remand order is interlocutory and does not divest the district court of jurisdiction over the case.

---

* The HONORABLE MORRIS S. ARNOLD, U.S. District Judge for the Western District of Arkansas, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Court for the Southern District of Iowa.

*See, e.g., Avery v. Secretary of Health and Human Services,* 762 F.2d 158, 163 (1st Cir.1985), and *Zambrana v. Califano,* 651 F.2d 842, 844 (2d Cir.1981); *see also Taylor v. Heckler,* 778 F.2d 674, 677 n. 2 (11th Cir.1985). Jurisdiction is thus retained after a remand and is not terminated until the district court enters a final judgment. Our view finds support, moreover, in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), in which the Court held that, for purposes of the Equal Access to Justice Act, a remand to the Secretary is "not a final determination of the civil action and ... the district court 'retains jurisdiction to review any determination rendered on remand.'" 490 U.S. at 887, 109 S.Ct. at 2255, quoting petitioner's brief. As the present claimant's attorney succinctly put it in his brief, "[t]here is no need to open (or reopen) ... what was never closed."

We therefore turn to a consideration of the merits of claimant's appeal.

## II.

Claimant's medical history is as complex as the procedural history of his case. The record amply demonstrates that he has a history of schizophrenia dating at least to 1976. The record further reveals that numerous doctors have examined him and concluded that he suffers from a mental defect that impairs his capacity to make a living.

It is, of course, clear law that a person with a mental impairment can be eligible for social security disability benefits; and the Secretary has established regulations for evaluating a claim in order to determine such eligibility. In this case, the ALJ found that the claimant has "chronic, disorganized schizophrenia, a personality disorder, and a substance addiction disorder"; but he determined, nonetheless, that claimant did not have an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was thus not entitled to benefits. The ALJ then also concluded that since claimant was "capable of performing work he ... has done in the past," a finding of "not disabled" was required under 20 C.F.R.

§ 404.1520(e) and 20 C.F.R. § 416.920(e). (TR. 341). Claimant appeals from both of these adverse factual findings.

We note in beginning our consideration of the evidence in this case that an ALJ's determination will not be disturbed if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). While, as an original proposition, such a standard of review may seem elusive and difficult, over the years this court has addressed a sufficiently large number of these kinds of cases that a number of fairly clear rules have precipitated out of them. It is well settled, for instance, that a fact-finder is not permitted to adopt the opinion of a consulting physician who examined claimant only once over the opinion of claimant's treating physician. *Hancock v. Secretary of the Department of Health, Education, and Welfare,* 603 F.2d 739, 740 (8th Cir.1979). Then, too, an ALJ's dismissal of medical evaluations must be supported by substantial evidence. *Pope v. Bowen,* 886 F.2d 1038, 1041 (8th Cir.1989); *Ward v. Heckler,* 786 F.2d 844, 846–47 (8th Cir.1986) (*per curiam*).

In this case, claimant has been examined numerous times by many different physicians over a long period of time. Having carefully examined the record, the court concludes that the short of all the evidence is that some of these examiners pronounced claimant disabled and some did not. Nor is it true that all of claimant's treating physicians found him to be disabled. In 1979, for instance, Dr. Kenneth W. Keil of the Broadlawns Hospital stated that while claimant was a "possible chronic schizophrenic," he was "able to concentrate and should be able to perform routine work." (TR.EX. 45). Again, in 1982 doctors at the same hospital quoted with apparent approval the conclusion that claimant "really didn't want to work." (TR.EX. 45). In the same year, Dr. Michael J. Taylor examined claimant at the request of the Social Security Administration and concluded that claimant was capable of routine, repetitive, unskilled work, a conclusion that he reaffirmed after a second examination later the same year. On yet a third occasion, this time in 1985, Dr. Taylor saw

claimant and again concluded that he was capable of "routine, repetitive, unskilled work." (TR.EX. 82). While it is true, as claimant vigorously points out, that a number of other doctors, some consulting and others treating, have come to opposite conclusions as to his employability, it is not possible for this court conscionably to conclude that the ALJ's findings in this case are not supported by substantial evidence. Substantial evidence is such evidence " 'as a reasonable mind might accept as adequate to support a conclusion.' " *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427, quoting *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938). While a number of claimant's examiners were of the view that claimant was disabled, it is manifest that a reasonable mind might reject those views in the light of the other evidence adduced.

### III.

For the reasons indicated, the judgment of the District Court is affirmed.