**Edwin J. HAFNER, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 91–1634.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided Aug. 11, 1992.

Ethel Schaen, St. Paul, Minn., argued, for plaintiff-appellant.

Michael C. Messer, Chicago, Ill., argued (Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., on brief), for defendant-appellee.

Laurie N. Davison, Minneapolis, Minn., argued, for amicus curiae, Mid–Minnesota Legal Assistance.

Before McMILLIAN, JOHN R. GIBSON, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Once again, the Secretary of Health and Human Services urges us to interpret the Equal Access to Justice Act, 28 U.S.C. § 2412, as though Congress intended to "throw the Social Security claimant a lifeline that it knew was a foot short." *Sullivan v. Hudson,* 490 U.S. 877, 890, 109 S.Ct. 2248, 2256, 104 L.Ed.2d 941 (1989). Once again, we decline to do so.

In *Hafner v. Bowen,* Table at 881 F.2d 1080 (8th Cir.1989) (unpublished), we reversed the denial of Edwin J. Hafner's application for Social Security disability benefits and remanded to the Secretary for further proceedings, which eventually re-

sulted in an award of disability benefits on remand. Hafner then moved for attorney's fees under EAJA, but the district court denied the claim as untimely. We conclude that this disposition is contrary to our subsequent decision in *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991). Therefore, we reverse.

As frequently occurs in Social Security disability cases, the remand was based upon our conclusion that the Secretary's denial of benefits was not supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g). On remand, after conducting a third administrative hearing, the Administrative Law Judge ruled that Hafner was disabled as of February 27, 1985. The Secretary's Appeals Council declined review, and the ALJ's decision became final. *See* 20 C.F.R. §§ 416.-984(c), (d). On February 28, 1990, Hafner received an award certificate from the Secretary detailing his benefits.

On March 7, 1990, Hafner filed his motion for attorney's fees in the district court. That court held that the request was untimely because the EAJA's thirty-day time limit[1] began when the ALJ's post-remand decision became final, some sixty-two days before Hafner's motion was filed. The district court did not reach the merits of Hafner's EAJA fee application, and that issue is not before us.

The argument in the district court was whether the "final judgment" for EAJA purposes was the ALJ's decision, in which case Hafner's attorney's fee motion was untimely, or the Secretary's subsequent issuance of the award certificate. Neither of these contentions survived the Supreme Court's decision in *Melkonyan v. Sullivan,* —— U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991), in which the Court held that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Thus, the question before us, which the district court did not consid-

er, is what judicial decision was the EAJA final judgment in this case.

Hafner argues that our 1989 order was a "sentence six" remand, referring to the sixth sentence in § 405(g), which authorizes the reviewing court to remand on motion of the Secretary, or to "order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material." In *Melkonyan,* the Supreme Court remanded to the district court for a determination of whether the initial remand, made on motion of the Secretary, was a sentence six remand, explaining:

> If petitioner is correct that the court remanded the case under sentence six, the Secretary must return to the District Court [after the proceedings on remand], at which time the court will enter a final judgment. Petitioner will be entitled to EAJA fees unless the Secretary's initial position was substantially justified.

—— U.S. at ——, 111 S.Ct. at 2165. Unfortunately for Hafner, as *Sullivan v. Finkelstein,* 496 U.S. 617, 624–25, 110 S.Ct. 2658, 2663–64, 110 L.Ed.2d 563 (1990), makes clear, our initial remand in this case was not a sentence six remand. It was not for the purpose of taking additional, newly discovered evidence. It was not based upon a showing of good cause. We simply held that the administrative record did not support the Secretary's denial and sent the case back for further proceedings. The Secretary could have awarded benefits on that record. Instead, he chose to conduct further administrative proceedings before making his post-remand decision on the merits, which in this case was favorable to the claimant but in many cases is not.

■ If our 1989 order was not a sentence six remand, the Secretary correctly argues that it *must have been* a sentence four remand, one made in conjunction with a judgment "affirming, modifying, or reversing the decision of the Secretary." In *Melkonyan,* the Supreme Court expressly

---

1. Under the EAJA, "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other ex-

penses...." 28 U.S.C. § 2412(d)(1)(B). Compliance with this time limit is a jurisdictional prerequisite to an award. *Olson v. Norman,* 830 F.2d 811, 821 (8th Cir.1987).

held that sentences four and six set forth the only kinds of remands permitted under § 405(g). 111 S.Ct. at 2164. From this, the Secretary argues that our 1989 remand was itself the "final judgment" for EAJA purposes and therefore Hafner's attorney's fee motion was *years* untimely. The Secretary relies upon older cases from other circuits plus this superficially compelling dictum in *Melkonyan:*

> In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. *See* § 2412(c)(2)(G).

— U.S. at ——, 111 S.Ct. at 2165. Nevertheless, we do not agree.

The practical problem with the Secretary's position is obvious: because our 1989 remand did not direct the award of benefits, Hafner was not a "prevailing party" entitled to an EAJA award at that time. *See* 28 U.S.C. § 2412(a); *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Thus, the Secretary's position would require the claimant to file an anticipatory EAJA petition at a time when it either must be denied or indefinitely suspended—the ultimate in laying traps for the unwary and senselessly cluttering court dockets. It is not surprising that every circuit to confront this issue since *Melkonyan* has rejected the Secretary's position, although on widely disparate grounds.[2]

In this circuit, just prior to *Melkonyan*, we held in *Robertson v. Sullivan*, 925 F.2d 1124, 1125–26 (8th Cir.1991), that a sentence four remand order was interlocutory and therefore the district court retained jurisdiction to consider an otherwise untimely appeal from an order denying benefits on remand. Then in *Welter*, an EAJA case decided shortly after *Melkonyan*, we rejected the Secretary's argument that a sentence four remand order was the final judgment, citing *Robertson* for the proposition that, "the district court retained jurisdiction of the claimants' cases and planned to enter dispositive sentence four judgments after the Secretary reevaluated the claimants' applications for benefits." 941 F.2d at 675.

We conclude that *Welter* is indistinguishable from this case, and it is of course binding on our panel. Our decisions in *Robertson* and *Welter* did not require that the remand orders evidence an intent to retain jurisdiction. Whenever a reviewing court remands a Social Security disability case without directing payment of benefits, further judicial review is a virtual certainty. Either the Secretary will award benefits on remand, which will trigger a request to the court for EAJA fees, or the Secretary will adhere to his denial of benefits after further administrative proceedings, which will trigger further judicial review on the merits.

In addition, we reject the Secretary's contention that *Welter* was wrongly decided. *Sullivan v. Hudson* makes it clear that this interpretation of § 2412(d)(1)(B) best serves the purposes of that statute. In *Hudson*, the Supreme Court not only contemplated EAJA fee applications after the Secretary's proceedings on remand but also authorized the award of fees for the successful completion of "administrative proceedings [on remand that] are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees." 490 U.S. at 888, 109 S.Ct. at 2255. If the claimant may be entitled to EAJA fees for the administrative proceedings on remand, it makes no sense to require that the claimant petition for those fees prior to completion of those administrative proceedings.

Nor do we find this result inconsistent with *Melkonyan*. First, the Court in *Melkonyan* specifically noted that *Hudson* was "not to the contrary." —— U.S. at

2. *See Gutierrez v. Sullivan*, 953 F.2d 579, 583–84 (10th Cir.1992) (district court retained jurisdiction despite sentence four remand); *Luna v. Department of H.H.S.*, 948 F.2d 169 (5th Cir. 1991) (applies equitable tolling); *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir.1991) (unpublished) (*Melkonyan* not retroactive). The Seventh Circuit managed to avoid the question in *Damato v. Sullivan*, 945 F.2d 982, 986–87 (1991).

——, 111 S.Ct. at 2162. Second, the Court in *Melkonyan* stated that, in sentence four cases, "it *may be* that petitioner is not entitled to EAJA fees at all," and went on to give an example that is readily distinguishable from this case. *Id.,* —— U.S. at ——, 111 S.Ct. at 2165 (emphasis added). Thus, we do not believe that the Court in *Melkonyan* intended to mandate a rigid rule as to when a sentence four remand order is a "final judgment" for EAJA purposes that would drastically shorten the lifeline thrown by *Hudson* and create a huge and unnecessary barrier to EAJA fee applications in remand cases.

▮▮▮▮ Therefore, we hold that, when a judicial remand order in Social Security disability cases contemplates additional administrative proceedings that will determine the merits of the claimant's application for benefits, and thus will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA purposes after the proceedings on remand have been completed.[3] On the other hand, if the remand order directs the Secretary to award benefits, the claimant is a prevailing party and the remand order is the final judgment for EAJA purposes.

Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

---

3. Of course, if the remand order is entered under sentence four of § 405(g), it is immediately appealable. *See Sullivan v. Finkelstein,* 496 U.S. at 623–25, 110 S.Ct. at 2663–64. As a matter of statutory construction and common sense, we see no reason why an appealable "final judgment" under § 405(g) must necessarily be a "final judgment" for purposes of § 2412(d)(1)(B).