**Calvin R. CARTER, Appellee,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellant.**

**No. 92–1257.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1992.

Decided Oct. 23, 1992.

Donna L. Calvert, Dept. of Health and Human Services, Chicago, Ill., argued, for appellant.

Laurie N. Davison, Minneapolis, Minn., argued, for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

The Secretary of Health and Human Services appeals the district court's order awarding attorney fees to claimant Calvin R. Carter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1988). We affirm.

After the Secretary denied Carter's applications for social security disability insurance benefits, Carter sought judicial review. The district court affirmed the Secretary's decision, and this court reversed and remanded the matter to the Secretary for further proceedings. *Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir.1990) (per curiam). On remand, the Secretary concluded Carter was disabled and awarded him benefits on January 14, 1991. On April 3, 1991, Carter filed in the district court a motion for entry of judgment and an application for attorney fees under EAJA, which the Secretary opposed. The district court awarded Carter attorney fees, concluding Carter's EAJA application was timely under *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991), and the Secretary was not substantially justified in denying Carter benefits.

The Secretary concedes on appeal that *Welter* disposes of his timeliness argument, but contends the case was wrongly decided. We have already rejected this contention in *Hafner v. Sullivan*, 972 F.2d 249, 251–52 (8th Cir.1992). As we recognized in *Hafner*, other circuits have decided cases in harmony with *Welter*. *Id.* at 251 & n. 2; *see also Young v. Sullivan*, 972 F.2d 830, 833–35 (7th Cir.1992).

The Secretary does not appeal the district court's conclusion that the Secretary was not substantially justified in denying Carter benefits. Thus, because Carter's application for attorney fees was timely under controlling precedent, we affirm the district court.