### Joseph KOWALICK

v.

### Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.

#### Civ. No. 89–1849.

United States District Court, E.D. Pennsylvania.

Jan. 26, 1993.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

On August 5, 1987, plaintiff Joseph Kowalick filed a claim with Health and Human Services seeking disability insurance benefits. Upon having his application denied, plaintiff sought judicial review of the agency's determination pursuant to 42 U.S.C. § 405(g). On February 15, 1991, this court approved and adopted the recommendation of Magistrate Judge William F. Hall that plaintiff's claim for benefits be remanded to defendant Secretary Sullivan for recon-

sideration and for further development of the record.

Counsel for plaintiff seeks attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 for his representation of plaintiff. Defendant asks that the court stay plaintiff's request for attorney fees pending resolution of the remand.

I. *Procedural History Post-remand*

Prior to filing this petition for EAJA fees, plaintiff moved this court on July 10, 1991 for a protective order with respect to his right to file the petition. Plaintiff was concerned that his right to apply for fees under the EAJA was threatened by the Supreme Court decision in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) announced while plaintiff's remand was pending.

Under the EAJA, a party has thirty days from the date of the entry of final judgment in which to file for attorney fees. 28 U.S.C. § 2412(d)(1)(B).[1] At the time of plaintiff's remand, the Third Circuit did not consider a remand order to be a final judgment. *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir. 1984). Thus, there was no need for plaintiff to file his petition for EAJA fees upon the remand order—such an application would have been premature.

However, on June 10, 1991, while plaintiff's claim was pending with Health and Human Services, the Supreme Court issued *Melkonyan* holding that some remand orders pursuant to § 405(g) were in fact final judgments. In *Melkonyan,* the Supreme Court stated that there were only two types of remand orders under § 405(g): a sentence four remand[2] and a sentence six remand.[3] *Id.,* — U.S. at —, 111 S.Ct. at

[1]. The text of § 2412(d)(1)(B) in relevant part is as follows:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party, and is eligible to receive an award under this subsection.... The party shall also allege that the position of the United States was not substantially justified.

[2]. Sentence four of § 405(g) states:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

[3]. Sentence six of § 405(g) states:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for

2164–65. As for the timing of EAJA applications in light of this definition of remand orders, the Court explained:

in sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run. In sentence six cases, the filing period does not begin until after the post-tremand proceedings are completed, the Secretary returns to court, the court enters final judgment, and the appeal period runs.

*Id.* at ——, 111 S.Ct. at 2165.

The parties in this case agree that the February 15, 1991 remand was a sentence four remand. Under *Melkonyan*, then, the remand order would appear to have been a final judgment and, accordingly, it would seem that plaintiff should have filed his motion for fees thirty days following the remand. By the time *Melkonyan* was announced, though, it had been four months since the remand.

Plaintiff therefore filed the July 10, 1991 motion with this court for an order protecting his right to claim attorney fees under the EAJA despite the rule announced in *Melkonyan*. Citing my reasoning in *Rollins v. Sullivan, Secretary of Health and Human Services*, 784 F.Supp. 253 (E.D.Pa. 1992), I declined to give *Melkonyan* retroactive application and I granted plaintiff's motion. *See* August 20, 1992 Order. In that plaintiff's request for attorney fees was still viable, I instructed plaintiff to file with the court an application showing that he was entitled to fees pursuant to EAJA. Plaintiff's application is the present matter before the court.

While raising no objections to the timeliness of plaintiff's motion for attorney fees, defendant does contend that plaintiff is not

yet eligible to collect compensation under the EAJA.

## II. *Discussion*

The EAJA states in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). An attorney seeking fees is entitled to fees therefore if (1) he is a prevailing party and (2) the government was not substantially justified in taking the position it did. In that plaintiff's motion may be resolved upon consideration of the first element alone, and because defendant has only raised arguments with respect to that element, I will only consider whether plaintiff is a "prevailing party" under the EAJA.

### A. Prevailing Party Status

■ In recommending a remand of this case to the agency, Magistrate Hall found that "the record [was] not complete," and that further proceedings were required. Defendant argues that this does not make plaintiff a "prevailing party." To have "prevailing party" status within the meaning of EAJA, defendant explains, it is not enough that plaintiff successfully attained a remand, but rather plaintiff must succeed on the merits of the underlying claim.[4]

---

further action by the Secretary, and it may at that time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the

court any such additional or modified findings of fact and decision....

4. In some cases a district court will direct the Secretary to award benefits to the claimant on remand. It is conceivable to me that the discussion of "prevailing party" status is different in that context than in this one where the remand is only for further proceedings. However, it is unnecessary for me to reach that issue in the present matter.

In support of his argument, defendant cites *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), in which the Court considered whether an attorney seeking fees pursuant to EAJA was entitled to compensation for services performed post-remand. Finding that the administrative proceedings and the judicial proceedings in claims for disability benefits were interdependent, the court concluded that the agency proceedings should be considered "part and parcel" of the "civil action" as that term is used in the EAJA. *Hudson*, 490 U.S. at 888, 889–90, 109 S.Ct. at 2255, 2256. Therefore, the Court decided, attorneys are entitled to compensation for their services on remand. *Id.* at 890, 109 S.Ct. at 2257. According to the Court, this result best corresponded to the purpose of the EAJA in encouraging complainants to challenge unreasonable government action despite the expense. *Id.*

In large part the Court premised its conclusion that judicial proceedings and administrative proceedings were interrelated on the observation that a claimant was often not a "prevailing party" under the EAJA until both proceedings were completed. The Court stated:

> where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain "prevailing party" status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known.... [I]n order to be a prevailing party, a party must achieve some of the benefit sought in bringing the action. We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings.

*Hudson*, 490 U.S. at 886–87, 109 S.Ct. at 2255. The Court continued, "there will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete." *Id.* at 887, 109 S.Ct. at 2255.

As support for its view of "prevailing party" status, the Court cited *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), a ruling the Court believed to be "for all intents and purposes identical." *Hudson*, 490 U.S. at 886, 109 S.Ct. at 2255. In *Hanrahan*, the Court held that the reversal of a directed verdict on appeal did not yield plaintiff "prevailing party" status under 42 U.S.C. § 1988 such that attorney fees were warranted. The Court stated:

> procedural and evidentiary rulings ... may affect the disposition on the merits, but were not themselves matters on which a party could "prevail" for purposes of shifting counsel fees to the opposing party under § 1988.

*Hanrahan*, 446 U.S. at 759, 100 S.Ct. at 1990.

Under *Hudson* and *Hanrahan*, then, plaintiff's application for EAJA fees is premature. However, while plaintiff did not make the argument, it should be noted that two Supreme Court cases announced since *Hudson*, *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) and *Melkonyan*, seem to call into question the continuing validity of the *Hudson* opinion.

In *Finkelstein*, decided a year after *Hudson*, the Court held that a sentence four remand order was directly appealable under 28 U.S.C. § 1291. The Court found that a sentence four remand "was unquestionably a 'judgment,' as it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits, set aside that determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue." *Finkelstein*, 496 U.S. at 625, 110 S.Ct. at 2664.

Defendant argued in *Finkelstein* that the Court's position in *Hudson*—that a remand is not necessarily a final judgment of the claimant's civil action for judicial review—argued against a finding that a sentence four remand was directly appealable. While recognizing the merit of defendant's argument, the Court nonetheless chose to uphold *Hudson* and to distinguish

it as concerning the definition of the term "any civil action," not the appealability of the remand order. *Finkelstein*, 496 U.S. at 629–631, 110 S.Ct. at 2666–2667.

Significant to the present matter, the Court in upholding *Hudson* repeated with apparent approval its statement in *Hudson* that a claimant is not a "prevailing party" under the EAJA until the result of the administrative proceedings is reached. *Finkelstein*, 496 U.S. at 630, 110 S.Ct. at 2666.

A year following *Finkelstein*, the Court announced *Melkonyan*. Although the *Melkonyan* holding will be discussed more fully below, in essence the Court concluded that sentence four remands were final judgments for purposes of filing motions for attorney fees under EAJA, while sentence six remands were not. It would appear, then, that the holding in *Melkonyan* with respect to sentence four remands and the holding in *Hudson* are in conflict to the extent that *Hudson* was based on the proposition that "there will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete." *Hudson*, 490 U.S. at 887, 109 S.Ct. at 2255. But again, the Court specifically upheld the validity of *Hudson*, and distinguished it in the following manner:

> [In *Hudson* we] defined the narrow class of qualifying administrative proceedings to be those "where 'a suit has been brought in a court,' and where 'a formal complaint within the jurisdiction of a court of law' remains pending and depends on its resolution upon the outcome of the administrative proceedings." *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.

*Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2162.

In light of the continuing validity of *Hudson*, I can not conclude that plaintiff is a prevailing party under the EAJA simply because he succeeded in obtaining a sentence four remand. Whether plaintiff is a prevailing party will not be determined until the agency proceedings are completed, and in this sense plaintiff's application for attorney fees is premature.

### B. Where to go from here

In reaching this conclusion, I find it necessary to revisit the issue of the timing of EAJA fee applications under *Melkonyan*.

Several months after the court issued its opinion in *Melkonyan*, I considered a case with facts quite similar to the present matter. *Rollins v. Sullivan*, 784 F.Supp. 253 (E.D.Pa.1992). Rollins had been denied disability benefits by Health and Human Services, and I remanded the case for further proceedings under sentence four of § 405(g). While *Rollins* was pending at the agency, the Supreme Court announced *Melkonyan*. Rollins promptly submitted an application for fees, which the Secretary challenged as untimely.

Noting that the *Melkonyan* Court had found that all sentence four remands were final judgments, I concluded:

> [a]fter *Melkonyan*, it is indisputable that the thirty-day period in which a petition for an attorney's fee may be filed begins to run after the district court enters a sentence four order to remand and the time from which to appeal that order expired.

*Rollins*, 784 F.Supp. at 256. I then declined to give *Melkonyan* retroactive application and ruled in favor of plaintiff with respect to the timeliness of his application.

However, the present matter involving not the timeliness of fee applications, but rather the claimant's eligibility under the EAJA to collect fees, has forced me to contemplate the logical extension of my strict interpretation of *Melkonyan* in *Rollins*. I am no longer of the opinion that "it is indisputable" that the claimant must file a petition for EAJA fees within thirty days of a sentence four remand order since, were my position in *Rollins* correct, one of two anomalous results would ensue.

First, it is conceivable that my strict interpretation of *Melkonyan* would ultimate-

ly preclude plaintiffs from collecting any EAJA fees where a sentence four remand order is issued.[5] *See, e.g. Heredia v. Secretary of Health and Human Services,* 783 F.Supp. 1550, 1557 (D.Puerto Rico 1992) (recognizing this likelihood); *Fergason v. Sullivan,* 771 F.Supp. 1008, 1012 (W.D.Mo.1991) (same). Under *Rollins,* a claimant would need to file an application for EAJA fees within thirty days of the sentence four remand order. However, it follows from *Hudson* and *Hanrahan* that a claimant is not eligible to collect EAJA fees at that time since the claimant is not yet a prevailing party.[6] Once the claimant has achieved prevailing party status—after the completion of the agency proceedings on remand—the claimant's deadline for submitting petitions for EAJA fees would have passed according to *Rollins.*

Moreover, it is not clear that a district court would even have jurisdiction to enter an award of attorney fees post-remand. If under *Melkonyan* all sentence four remands are final judgments, the court would seemingly lose jurisdiction over the matter upon entry of the remand order. *See Luna v. U.S. Dept. of Health and Human Services,* 948 F.2d 169, 171–72 (5th Cir. 1991).

Second, let us assume that it is not the government's position that claimants in sentence four remand cases are never eligible to collect EAJA fees. The government's argument pursuant to *Rollins* would have to proceed as follows: (1) under *Melkonyan,* a claimant would file an anticipatory application for EAJA fees within thirty days of the sentence four remand order, (2) at which point the petition would be stayed pending completion of the agency proceedings. In fact, this appears to be the government's position in the present matter. See Defendant's Brief in Opposition to the Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act, p. 5. However, as the First Circuit noted, no court has accepted this adaptation of the process for filing EAJA petitions. *Labrie v. Secretary of Health and Human Services,* 976 F.2d 779, 785 n. 17 (1st Cir.1992). In fact, the Eighth Circuit has specifically rejected it, calling it "the ultimate in laying traps for the unwary and senselessly cluttering the court dockets." *Hafner v. Sullivan,* 972 F.2d 249, 251 (8th Cir.1992). *See also Heredia v. Sullivan,* 783 F.Supp. 1550, 1558 (D.P.R.1992); *Spurlock v. Sullivan,* 783 F.Supp. 474, 481 (N.D.Cal.1992). Aside from the unnecessary administrative burden it would place on the courts, it simply makes no sense to require the claimant to file his petition for EAJA fees prior to the administrative proceedings since under *Hudson* an attorney is entitled to compensation for services post-remand. *Hafner,* 972 F.2d at 251; *Bertrand v. Sullivan,* 976 F.2d 977, 979–80 (5th Cir.1992).

In passing the EAJA, Congress intended to counteract a plaintiff's natural hesitation to "seek[ ] review of, or defend[ ] against, unreasonable governmental action because

---

**5.** The Court in *Melkonyan* acknowledged this potentiality. In *Melkonyan,* the Court remanded the case to the district court directing it to specify whether the remand was made under sentence six or sentence four. Explaining how the district court's determination would affect the claimant's motion for attorney fees under EAJA, the Court stated:

If petitioner is correct that the court remanded the case under sentence six, the Secretary must return to District Court, at which time the court will enter a final judgment. Petitioner will be entitled to EAJA fees unless the Secretary's initial position was substantially justified.... If, on the other hand, this was not a sentence six remand, it may be that petitioner is not entitled to EAJA fees at all. For example if the court's order was, in effect, a dismissal under Fed.Rule Civ.Proc. 41(a), the District Court's jurisdiction over the case would have ended at that point, and the petitioner would not have been a prevailing party "in [a] civil action." 28 U.S.C. § 2412(d)(1)(A). Under those circumstances, the Secretary would not return to the District Court and the petitioner would not be eligible to receive EAJA fees.

*Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2165.

**6.** *But see Spurlock v. Sullivan,* 783 F.Supp. 474, 481 (N.D.Cal.1992) (holding that claimant can achieve prevailing party status under EAJA by obtaining sentence four remand). The holding in *Spurlock* was premised on the assertion that *Hudson* applied only to sentence six remands. However, in that *Hudson* involved a sentence four remand and since the Court has upheld its decision in *Hudson* making no such distinction in *Hudson's* range of applicability, I am not convinced by the holding in *Spurlock.*

of the expense involved in securing the vindication of [his] rights." *Hudson,* 490 U.S. at 883, 109 S.Ct. at 2253. Were claimants never eligible to collect attorney fees in the case of sentence four remands, or were claimants forced to endure a long, drawn out ordeal in order to obtain the fees, there would be less ground for confidence that claimants would challenge governmental action in sentence four cases with healthy regularity.

A number of circuit courts have accordingly declined to interpret *Melkonyan* as requiring claimants to file their petitions for EAJA fees within thirty days of their sentence four remand orders. *See Labrie,* 976 F.2d at 785–86 (1st Cir.); *Hafner,* 972 F.2d at 252 (8th Cir.); *Scanlon v. Sullivan,* 974 F.2d 107, 108 (9th Cir.1992); *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir. 1992).[7] Rather, these courts are of the view that not all sentence four remands are "final judgments" under the EAJA. As the Eighth Circuit summarized the perspective:

> We do not believe that the Court in *Melkonyan* intended to mandate a rigid rule as to when a sentence four remand order is a "final judgment" for EAJA purposes that would drastically shorten the lifeline thrown by *Hudson* and create a huge and unnecessary barrier to EAJA fee applications in remand cases.

*Hafner,* 972 F.2d at 252. According to these courts, "final judgment" for EAJA purposes does not occur **in certain sentence four** cases until the proceedings on remand are completed.

I find this reading of *Melkonyan* persuasive. Specifically, the *Melkonyan* Court's treatment of *Hudson* lends support to the inference of a flexible final judgment rule. The Court stated:

> [In *Hudson* we] defined the narrow class of qualifying administrative proceedings to be those "where 'a suit has been brought in a court,' and where 'a formal complaint within the jurisdiction of a court of law' remains pending and depends for its resolution upon the outcome

of the administrative proceedings." *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.

*Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162 (citations omitted).

Notably, the remand in *Hudson* was under sentence four. *See Labrie,* 976 F.2d at 783; *Gutierrez,* 953 F.2d at 584. Nevertheless, the Court in *Melkonyan* specifically upheld the *Hudson* decision. In so doing, the Court at least implicitly recognized that there exists a class of sentence four remands—like *Hudson*—in which the district court retains jurisdiction over the case throughout the administrative proceedings and intends ultimately to enter a final judgment when the proceedings are completed.

■ Given the anomalous results of a strict interpretation of *Melkonyan,* I follow the lead of the First, Eighth, Ninth, and Tenth Circuits in finding that a sentence four remand order is not a final judgment for the purposes of petitioning for EAJA fees where the district court has expressly or implicitly demonstrated an intent to retain jurisdiction.

■ A question remains whether the present sentence four remand fits within the *Hudson* subcategory of situations in which the district court has retained continuing jurisdiction. Upon review of Magistrate Judge Hall's Report and Recommendation, which I adopted entirely, I believe this court implicitly reserved jurisdiction over plaintiff's claim. The remand order specifically instructed the Administrative Law Judge to:

> employ the services of the vocational expert who can render an opinion as to whether alternative employment exists, taking into consideration all of the plaintiff's exertional and nonexertional impairments.

---

7. The Third Circuit has not yet considered the issue. The Fifth Circuit has not adopted the flexible final judgment approach, but, via the invocation of equitable tolling, they allowed the claimant to wait until after the post-remand proceedings to file a petition for EAJA fees. *See Luna v. U.S. Dept. of Health and Human Services,* 948 F.2d 169, 173 (5th Cir.1991).

Report and Recommendation at p. 9. The remanding court has jurisdiction over the agency proceedings to ensure that the agency adheres to such legal and factual instructions on remand. *See Hudson*, 490 U.S. at 887–890, 109 S.Ct. at 2255–2256. Moreover, I agree with the Eighth Circuit's observation in *Hafner* that:

> [w]henever a reviewing court remands a Social Security Disability case without directing payment of benefits, further judicial review is a virtual certainty. Either the Secretary will award benefits on remand, which will trigger a request to the court for EAJA fees, or the Secretary will adhere to his denial of benefits after further administrative proceedings, which will trigger further judicial review on the merits.

*Hafner*, 972 F.2d at 251.

Having retained jurisdiction over plaintiff's claim, my decision today denying him the right to collect attorney fees now will not forever preclude him from obtaining an EAJA fee. Should plaintiff succeed in obtaining benefits on remand, he may well be eligible to secure attorney fees at that time.