**Cathy TYLER, Plaintiff,**

v.

**John FITZSIMMONS, et al., Defendants.**

**Civ. No. 86–0262–P–C.**

United States District Court, D. Maine.

Feb. 21, 1992.

---

Robert E. Mittel, Mittel, Asen, Eggert & Hunter, Portland, Me., for plaintiff.

Hugh Calkins, Pine Tree Legal Assistance, Inc., Portland, Me., for intervenors.

David Collins, Asst. U.S. Atty., Pamela J. Eppli, U.S. Dept. of Justice, Portland, Me., Pamela W. Waite, Augusta, Me., for defendants.

MEMORANDUM OF DECISION AND ORDER DISMISSING APPLICATION FOR ATTORNEY'S FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT

GENE CARTER, Chief Judge.

The Court has before it at this time in the above matter Plaintiff's counsel's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (herein-after "EAJA") (Docket No. 82), filed on December 27, 1991. The application seeks an assessment of attorney's fees against the federal defendants pursuant to pertinent provisions of the EAJA, 28 U.S.C. § 2412(d).

This case involved a very complex and lengthy challenge to the Department of Labor's regulations interpreting title II, section 231 of the Trade Act of 1974, as amended in 1981 by Public Law 97–35, 19 U.S.C. § 2291 (1992). Extensive motion practice, a remand to the state agencies for refining action, and further litigation activity in this Court culminated in this Court's Opinion and Order entered on November 6, 1990, and an Order and Declaratory Judgment of the same date. 752 F.Supp. 32. The Judgment, *inter alia*, declared invalid the federal Defendants' policy for the years 1981 through 1986 requiring use of an applicant's first separation from employment for purposes of determining eligibility for Trade Act benefits. It also ordered the state Defendants to redetermine, consistent with state law, Plaintiff Tyler's and Plaintiff–Intervenor Norris's entitlement to Trade Act basic and additional weekly benefits based on their last separation from employment prior to application. The federal Defendants were also ordered to provide federal monies for the payment of any benefits determined to be due to Norris and Tyler as a result of the determination effort.

Thereafter, on January 7, 1991, Defendants filed a Notice of Appeal from the Court's Judgment (Docket No. 79). Plaintiff also appealed the Judgment by a Notice of Appeal filed on January 11, 1991 (Docket No. 80). On February 6, 1991, the Mandate of the United States Court of Appeals for the First Circuit entered, stating that "[u]pon stipulation of the parties, it is ordered that the above-captioned appeals be dismissed. Each party shall bear its own costs." Slightly over ten months after the dismissal of the appeal by the Court of Appeals, the pending Application for Attorney's Fees was filed on December 27, 1991.

■ Defendants object to the allowance of fees in this matter, claiming, *inter alia*, that the petition is untimely filed under the provisions of 28 U.S.C. section 2412(d)(1)(B). That provision of the statute provides that a party must, among other things, file an application for fees under the EAJA "within thirty days of final judgment in the action." The statute has been definitively construed only recently by the United States Supreme Court in respect to the pertinent issue generated by the Defendants' objection in *Melkonyan v. Sullivan,* 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Court there stated:

> We conclude that, notwithstanding the 1985 amendment, Congress's use of 'judgment' in 28 U.S.C. § 2412 ... refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) ... means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.

*Melkonyan v. Sullivan,* 501 U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91 (emphasis in original).

■ Unquestionably, under the rationale of the *Melkonyan* case,[1] the judgment in this civil action was the Court's Opinion and Order and the Order and Declaratory Judgment entered herein on November 6, 1990. Because Notices of Appeal were timely filed, that Judgment did not become final until the appeal was disposed of in some way.[2] That disposition occurred with the issuance of the Court of Appeals' Mandate dismissing the appeals by the consent of the parties on February 6, 1991. Accordingly, the thirty-day period provided for by 28 U.S.C. section 2412(d)(1)(B) commenced to run on February 6, 1991 and expired on March 11, 1991. It is, therefore, a foregone conclusion that the Application for Attorney's Fees herein, filed on December 27, 1991 was filed substantially beyond the period permitted by statute. The time-filing requirement in the statute is a jurisdictional one, and neither the parties nor the courts may waive it. *Action on Smoking and Health v. C.A.B.,* 724 F.2d 211, 225 (D.C.Cir.1984); *see also Howitt v. U.S. Department of Commerce,* 897 F.2d 583, 584 (1st Cir.1990) (holding the EAJA's 30–day time limit for filing appeals jurisdictional and unwaivable and citing *Action on Smoking* ). Plaintiff's counsel's "failure to file in timely fashion deprives this Court of subject matter jurisdiction to award fees." *Action on Smoking,* 724 F.2d at 225.

■ The Court being without jurisdiction over the Application, it is hereby ORDERED that said Application be, and it is hereby, DISMISSED.[3]

---

1. The Court agrees with Defendant that the *Melkonyan* rule should be applied here. As the court stated in *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377, 1388 (10th Cir.1990): "Once the Supreme Court has interpreted a statute, that construction becomes a part of the statute, and the Court's interpretation applies retroactively to pending cases."

2. Section 2412 of the EAJA, as amended, defines a final judgment as one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see also Melkonyan,* 501 U.S. ——, 111 S.Ct. at 2161, 115 L.Ed.2d at 90.

3. Counsel for Plaintiff note on the first page of their Application that "[o]n December 21, 1990, the Court granted Plaintiff's motion for extension of time to file their attorneys [sic] fee claim, until thirty days after the final resolution of Plaintiffs' claims." It is correct that the Court took this action. However, that action does not change the result indicated in the text. This Court has in effect its Local Rule 32, entitled "Claim for Attorney's Fees," which reads as follows:

> Any claim for attorney's fees shall be filed with the Court and served upon opposing counsel, together with supporting memoranda and affidavits, within 45 days after entry of judgment. For good cause shown on motion filed within such period, the Court may extend the time for filing the claim for attorneys' fees.

Plaintiff's counsel filed in this case on December 17, 1990, before the Judgment of this Court became final by dismissal of the appeal on February 6, 1991, a "Request for Extension of Time." It read: "Pursuant to Rule 32 of the Rules of the United States District Court for the District of Maine, the plaintiffs in this action move for an extension of time to file their claim for attorneys' fees." The Court endorsed the motion, indicating that it was granted, on December 21, 1991.

The Local Rule is a procedural requirement intended to regularize the procedural aspects of applications for attorney's fees. Granting of the application extended to Plaintiff exactly what was sought by the terms of the request—namely, an extension of the 45-day period *provided by*

*Local Rule 32.* The Court's action in that regard could not have been effective to have extended the requirement, made by statute in 28 U.S.C. section 2412(d)(1)(B), that an application for counsel fees be filed within 30 days of final judgment in the action. The statute establishes the legal parameters in regard to filing requirements for applications for counsel fees under EAJA, and the provisions of a Local Rule of Court obviously may not effectively contradict those requirements, particularly when the requirements are jurisdictional. *See* Fed.R.Civ.P. 82 (civil rules may not be construed to extend jurisdiction of U.S. District Courts) and Fed. R.Civ.P. 83 (local rules may not be inconsistent with Federal Rules of Civil Procedure).