**Joseph SCANLON, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.**

No. 91–55516.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1992.

Decided July 24, 1992.

Thelma S. Cohen, Bertram L. Potter, Potter & Cohen, Pasadena, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before: ALARCON, NORRIS and O'SCANNLAIN, Circuit Judges.

ALARCON, Circuit Judge:

Joseph Scanlon appeals from the denial of his application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Scanlon contends that the district court abused its discretion in denying EAJA fees because the Secretary's position in the litigation was not "substantially justified." We conclude that the district court lacked jurisdiction to consider Scanlon's fee petition. We therefore vacate the district court's order denying Scanlon's fee petition and dismiss this appeal.

## I.

Scanlon applied for disability insurance benefits under Title II of the Social Security Act on February 7, 1986. The administrative law judge ("ALJ") denied Scanlon's application on March 30, 1987, concluding that Scanlon was able to do his past relevant work as a newspaper circulation truck driver despite his extremely poor vision in one eye. The Appeals Council denied Scanlon's request for review.

Scanlon filed an action for judicial review of the Secretary's denial of his application for benefits in district court pursuant to 42 U.S.C. § 405(g). Both parties filed cross-motions for summary judgment. The magistrate judge issued a tentative decision denying the motions and remanding the matter to the Secretary for further proceedings on June 22, 1988. The judge concluded that remand was appropriate because he found no substantial evidence to support the ALJ's determination that trucking jobs were available to Scanlon.

The magistrate judge also cited the ALJ's failure to call a vocational expert as a reason for remand.

The parties stipulated to the entry of the tentative decision, and the district court's order remanding the case was entered on July 7, 1988. The court ordered that "after the case is remanded and after such additional administrative proceedings as are required are completed, the Secretary of Health and Human Services shall modify or affirm the findings of fact or the decision, or both, and shall file with this Court any such additional or modified findings of fact and decision, and proposed judgment for entry."

On remand, Scanlon was found eligible for disability benefits. The ALJ's decision awarding benefits became final upon expiration of the 60–day period during which the Appeals Council could elect to take review under its own authority. Neither Scanlon nor the Secretary, however, returned to the district court for entry of a final judgment.

On January 21, 1991, Scanlon filed an application in the district court for attorney's fees pursuant to the EAJA. The district court denied the motion, holding that the Secretary's position was substantially justified.

II.

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The statute further requires the prevailing party to apply for attorney's fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(2)(G) defines final judgment as "a judgment that is final and not appealable, and includes an order of settlement." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

*Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

The district court has not entered a final judgment determining the prevailing party in this action. Instead, the district court remanded the case for additional administrative proceedings and explicitly ordered that the Secretary file any new findings of fact and decision, as well as a proposed judgment, with the court upon completion of the proceedings on remand. The Secretary did not comply with the district court's order. Because no final judgment has been entered designating the prevailing party, the district court had no jurisdiction to consider or rule upon Scanlon's fee petition under the law of this circuit. *See Sohappy v. Hodel,* 911 F.2d 1312, 1321 (9th Cir.1990) (petition for attorney's fees pursuant to EAJA was premature because no final judgment entered in action as case was remanded to district court); *Papazian v. Bowen,* 856 F.2d 1455, 1456 (9th Cir. 1988) (request for attorney's fees under EAJA before proceedings upon remand are completed and district court enters a final judgment is premature).

The Secretary argues that under the Supreme Court's recent decision *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the district court's remand order constituted a "final judgment" for the purposes of the EAJA. This issue has not been presented to the district court. We decline to determine in the first instance whether the district court intended its July 7, 1988 order to be a final judgment. The words used by the district court belie such an interpretation by this court.

Because, in the absence of a final judgment, the district court lacked jurisdiction to consider Scanlon's fee petition, we VACATE its order denying fees. The appeal is DISMISSED.