988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Estella G. GONZALES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
* Defendant-Appellee.
 No. 91-55716.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1993.
Decided March 11, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-87-3246-HLH, Harry L. Hupp, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 Before HUG, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Estella Gonzales challenges an order of the district court denying her application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Gonzales contends that the district court abused its discretion in denying EAJA fees because the Secretary's opposition to her social security benefits claim was not "substantially justified." Gonzales received a favorable determination from an administrative law judge ("ALJ") after the denial of her claim was appealed to this court and remanded for additional proceedings.
 
 
 3
 The Secretary argues for the first time on appeal that the district court did not have jurisdiction over the fee application. We hold that the district court did have jurisdiction and we reverse.
 
 I. JURISDICTION
 
 4
 A party seeking attorney's fees and other expenses under the EAJA "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). Accordingly, a court will not have jurisdiction over a fee application filed after the 30-day period has expired. The Secretary argues that this court's remand of Gonzales's benefits claim on December 21, 1988, constituted the "final judgment" from which the 30-day period began to run under the statute. See Gonzales v. Bowen, No. 88-5681 (9th Cir. filed Dec. 21, 1988) (unpublished disposition). Because Gonzales's fee application was filed on September 11, 1990, the Secretary argues that it was not timely.
 
 
 5
 The Supreme Court held in Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991) that a "final judgment" under this statute "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." 111 S.Ct. at 2162 (emphasis added). In a recent decision, we set out a standard for determining when a remand order constitutes such a judgment. Gray v. Secretary of Health and Human Services, 983 F.2d 954 (9th Cir.1993). We held:
 
 
 6
 When a judicial remand order in Social Security disability cases contemplates additional administrative proceedings that will determine the merits of the claimant's application for benefits, and this will determine whether the claimant is a prevailing party, the district court retains discretion to enter a final judgment for EAJA purposes after the proceedings on remand have been completed. On the other hand, if the remand order directs the Secretary to award benefits, the claimant is a prevailing party and the remand order is the final judgment for EAJA purposes.
 
 
 7
 Gray, 983 F.2d 954, 958 (quoting Hafner v. Sullivan, 972 F.2d 249, 250-51 (8th Cir.1992)).
 
 
 8
 Applying the Gray standard to this case, we conclude that neither this court's remand of Gonzales's claim, nor the district court's subsequent remand, constituted a final judgment for EAJA purposes. Our remand order did not instruct the Secretary to grant the claimed benefits, but instead ordered that the administrative record be supplemented with additional evidence. Ultimately, it was the ALJ, not this court, who determined that Gonzales would prevail on her claim. Accordingly, the district court retains discretion to enter a final judgment, the 30-day limitation period has not run, and the district court had jurisdiction to consider the merits of Gonzales's fee and expense application.
 
 II. MERITS
 
 9
 Under the EAJA, "a court shall award to a prevailing party other than the United States fees ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The definition of "substantially justified" is well settled in this circuit.
 
 
 10
 A position is "substantially justified" if it is "justified in substance or in the main," that is, if it has a "reasonable basis both in law and fact." The burden is on the government to prove substantial justification. "In evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation."
 
 
 11
 United States v. $12,248 U.S. Currency, 957 F.2d 1513, 1517 (9th Cir.1991) (citations omitted).
 
 
 12
 We review a district court's conclusion that the government's position was substantially justified for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562-63 (1988); Williams v. Bowen, 966 F.2d 1259, 1260 (9th Cir.1991).
 
 
 13
 Gonzales filed an application for disability benefits in 1986 alleging an inability to work primarily because of keratinized and scarred tissues on her eyelids. At a hearing before an ALJ Gonzales testified that she had suffered acute pain and impaired vision because of this condition and that she had undergone eight operations for the condition, only the last of which was successful. Gonzales supplemented her testimony with medical records from the last of these operations.
 
 
 14
 The ALJ found that the medical records were insufficient to corroborate Gonzales testimony, found that she had not provided "objective medical evidence" to support her claim, and rejected the claim. The district court affirmed the denial of benefits, but we reversed. In a memorandum disposition, No. 88-5681 at 2-3, (9th Cir. filed Dec. 21, 1988), we held: (1) that the medical records offered by Gonzales constituted objective medical evidence of her condition, and (2) that the ALJ had not satisfied his duty to "fully and fairly develop the record." We acknowledged the possibility that Gonzales might actually have been disabled and remanded the matter for further proceedings.
 
 
 15
 On remand, the ALJ conducted an additional hearing, during which an expert opthamologist corroborated Gonzales's allegations of debilitating pain. Persuaded by this testimony, the ALJ granted Gonzales a closed period of benefits.
 
 
 16
 The Secretary argues that the Government's position was substantially justified: that Gonzales had the burden of producing evidence to support her claim, that she failed to do so during the first hearing, and that she prevailed only because of additional evidence produced upon rehearing. We disagree. All along, Gonzales has claimed benefits because of a painful eye condition, for which she underwent eight operations. She supported her claim with objective medical evidence. The Secretary challenged her claim all the way to this court, but never produced evidence that actually disputed her allegations--either during the first hearing or the second. Likewise, on appeal, the Secretary has offered no explanation for the denial of and challenge to Gonzales's claim other than her failure to produce enough corroborating medical records, an that argument we rejected in 1988. Under these circumstances, we are unable to discern any substantial justification for the Secretary's position. Accordingly, we conclude that the district court abused its discretion by denying Gonzales's application for attorney's fees and expenses under EAJA.
 
 
 17
 REVERSED and REMANDED for entry of an appropriate order granting Gonzales's application.
 
 
 
 *
 Donna E. Shalala, who succeeded Louis W. Sullivan as Secretary of Health and Human Services, is substituted as respondent in this case. Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3