April 16, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1559

CATHY TYLER,

Plaintiff, Appellant,

v.

JOHN FITZSIMMONS, ET AL.,

Defendants, Appellees.

ERRATA SHEET

The opinion of this Court issued April 7, 1993, is amended as
follows:

Cover sheet, attorneys for appellees should read: William G.

Cole, Attorney, Department of Justice, with whom Stuart M. Gerson,

Assistant Attorney General, William Kanter, Attorney, Department of

Justice, and Richard S. Cohen, United States Attorney, were on brief

for appellees.

April 12, 1993 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1559

CATHY TYLER,

Plaintiff, Appellant,

v.

JOHN FITZSIMMONS, ET AL.,

Defendants, Appellees.

ERRATA SHEET

The opinion of this Court issued April 7, 1993, is amended as
follows:

Page 7, line 12 of text, should read: . . . March 11, 1991.

Page 7, line 14 of text, should read: . . . February 6, 1991.

April 7, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1559

CATHY TYLER,

Plaintiff, Appellant,

v.

JOHN FITZSIMMONS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Chief U.S. District Judge]

Before

Cyr, Circuit Judge,

Bownes, Senior Circuit Judge,

and Fust ,* District Judge.

Robert Edmond Mittel with whom Mittel, Asen, Eggert & Hunter was

on brief for appellant.
William G. Cole, Attorney, Department of Justice, with whom

Stuart M. Gerson, Assistant Attorney General, William Kanter, Attor-

ney, Department of Justice, and Richard S. Cohen, United States

Attorney, were on brief for appellees.

April 7, 1993

3

*Of the District of Puerto Rico, sitting by designation.

CYR, Circuit Judge. Appellant Cathy Tyler challenges a
CYR, Circuit Judge.

district court order dismissing her application for an award of

attorney fees pursuant to the Equal Access to Justice Act ("-

EAJA") for lack of jurisdiction. We vacate and remand for

further proceedings on the merits of the fee application.

I

BACKGROUND

The United States Department of Labor ("USDOL") admin-

isters a program under the Trade Act of 1974 (the "Trade Act"),

19 U.S.C. 2101-2495, 2291 (1993), which authorizes "trade

readjustment allowance" ("TRA") benefits to eligible workers

whose employment is discontinued by companies certified by the

Secretary of Labor as having been adversely affected by foreign

import competition. Id. 2271. In May 1985, USDOL certified

plaintiff Tyler's employer, Bass Shoe Company, in connection with

its layoffs after January 1984. In November 1984 and again in

February 1985, Tyler was laid off temporarily; her employment was

terminated in July 1985.

The Maine Department of Labor and Bureau of Employment

Security ("MDOL") determines whether individual Maine workers are

entitled to TRA benefits. In 1981, USDOL directed MDOL to

utilize a worker's "first separation" date in calculating her

fifty-two week eligibility period for basic TRA benefits.

Although MDOL believed that the Trade Act and USDOL's regulations

required use of a worker's "last separation" date, it did as

directed. Under USDOL's "first separation" date formula, MDOL

determined that Tyler's eligibility period for basic TRA benefits

would run from December 1984 to December 1985. However, Tyler

was not eligible for TRA benefits during this period because the

Trade Act precludes TRA payments until a worker has exhausted her

state unemployment insurance benefits. See 19 U.S.C. 2291(a)-

(3)(A)-(B). Tyler, who remained eligible for unemployment

insurance compensation throughout the December 1984-December 1985

period, took no administrative appeal from the MDOL decision.

In August 1986, MDOL brought the present action for

declaratory relief against USDOL, challenging its "first separa-

tion" date directive. Tyler and another claimant were permitted

to intervene in the MDOL action as plaintiffs. On November 6,

1990, the district court granted declaratory relief for plain-

tiffs against USDOL and MDOL.1 Tyler v. United States Dep't of

Labor, 752 F. Supp. 32, 45 (D. Me. 1990) (emphasis added).

1The district court declared that: (1) "the [USDOL's]
policy for the years 1981 through 1986, requiring use of an
applicant's first separation from employment for purposes of
determining eligibility for TRA benefits, was invalid," (2)
"[t]he [MDOL is] hereby ordered, consistent with state law, to

redetermine Plaintiff Tyler's . . . entitlement to Basic TRA and
Additional TRA weekly benefits, based on [her] last separation
from employment prior to application," and (3) "[i]f TRA benefits

are granted to Plaintiff[] as a result of such redetermination,

the [USDOL is] hereby ordered to provide federal monies for the
payment of the benefits."

3

Tyler had also asserted an entitlement to attorney fees

under the EAJA, which permits a "prevailing party" to recover

attorney fees in "any civil action" challenging a federal agency

decision, 28 U.S.C. 2412(d)(1)(A), but requires that "[the

prevailing] party . . , within thirty days of final judgment in

the action, submit to the court an application for fees . . . ."

Id. 2412(d)(1)(B) (emphasis added). On December 13, 1990,

Tyler filed a motion to extend the forty-five day filing period

under Local Rule 32 of the United States District Court for the

District of Maine until "thirty days after final resolution of

the plaintiffs' claims for Trade Act benefits from the [MDOL]."2

The district court summarily granted the extension. On January 7,

1991, USDOL appealed and Tyler cross-appealed from the Novem-

ber 6, 1990 order. The appeal and cross-appeal were dismissed by

agreement of the parties on February 6, 1991.

As contemplated by the district court remand order,

Tyler resorted to the state administrative process for a redeter-

mination of her entitlement to TRA benefits. In the meantime, on

June 10, 1991, the United States Supreme Court rendered its

decision in Melkonyan v. Sullivan, U.S. , 111 S. Ct. 2157

(1991), which generally interpreted the EAJA filing deadline to

2As grounds for the motion, Tyler asserted (1) "[t]he plain-
tiffs have not yet finally prevailed in their claims for bene-
fits," (2) "Local Rule 32 allows for such an extension for good
cause shown on motion filed within 45 days after entry of judg-
ment," (3) the "pending State administrative proceeding [in]
which [plaintiff] is seeking redetermination of her benefits,"
may necessitate "considerable additional attorney time," and (4)
any petition for attorney fees would be "premature," and would
"necessitate multiple petitions and multiple hearings."

4

run from the entry of a "final" judgment by a court of law, not

from the final decision of an administrative agency following

remand. Id. at 2162.

Tyler settled her administrative claim with MDOL in

December 1991, and promptly filed her EAJA attorney fee applica-

tion with the district court. The district court denied the

application as untimely, Tyler v. Fitzsimmons, 785 F. Supp. 10,

12 (D. Me. 1992), holding that Melkonyan required retroactive

application of its jurisdictional rule to pending cases, and,

therefore, that the thirty-day EAJA fee-application filing period

had commenced to run on February 6, 1991, when we dismissed the

appeal and cross-appeal from the district court's November 6,

1990 judgment, thereby rendering the district court judgment

"final" and "unappealable." Id.; see also 28 U.S.C. 2412(d)-

(2)(G) (EAJA term "final judgment" means "a judgment that is

final and not appealable") (emphasis added). As the EAJA fee-

application filing deadline is jurisdictional, and not subject to

enlargement even for "good cause shown," the district court

rejected Tyler's contention that her fee application was saved by

the district court's earlier extension of the "procedural"

deadline imposed by Local Rule 32. Tyler, 785 F. Supp. at 12.

II

DISCUSSION

In Melkonyan, the Supreme Court considered the EAJA

filing provision in the specialized context of Social Security

5

disability benefit determinations. In reviewing decisions of the

Secretary of Health and Human Services ("Secretary") denying

disability benefits, the district court has only two options when

remanding to the Secretary for further administrative proceed-

ings. Melkonyan, 111 S. Ct. at 2164 (citing 42 U.S.C. 405(g)).

A so-called "sentence four" remand order entered by the district

court constitutes a "final judgment affirming, modifying, or

reversing the administrative decision," usually on substantive

grounds. Id. at 2165. Melkonyan contains language suggesting

that a "sentence four" remand order invariably results in a final

judgment, for purposes of determining the EAJA fee-application

deadline, upon the expiration of the period for appealing the

remand order affirming, modifying, or reversing the agency

decision. Id.

On the other hand, generally speaking a so-called

"sentence six" remand does not follow a district court ruling on

the merits of an agency decision. Rather, upon the requisite

"good cause" showing, see 42 U.S.C. 405(g) (remand for further

factfinding only permissible if new evidence is "material" and

"there is good cause for the failure to incorporate such evidence

into the record in a prior proceeding"), the district court

merely remands to the agency for further administrative proceed-

ings in light of new evidence. Melkonyan, 111 S. Ct. at 2164.

Thus, in "sentence six" remands, the district court would contem-

plate a retention of jurisdiction pending completion of the

remand proceedings, and there would be no "final judgment" for

6

EAJA purposes "until after the postremand proceedings are com-

pleted, the Secretary returns to court, the court enters a final

judgment, and the appeal period runs." Id. at 2165.

Appellees conceded at oral argument that Melkonyan is

applicable in the present case, if at all, only by analogy.

Melkonyan was a Social Security case, not a Trade Act case.

Thus, the district court's November 6, 1990 declaratory judgment

is roughly comparable, under appellees' proposed analogy, to a

"sentence four" remand, in that the district court "reversed" the

MDOL's denial of TRA benefits on the only substantive ground

advanced by Tyler namely, the invalidity of USDOL's "first

separation" directive. Accordingly, appellees contend that the

EAJA filing deadline was March 11, 1991, thirty days after we

dismissed the appeals from the November 1990 judgment on February

6, 1991. As it rests on a premise precluded by our case law, we

reject appellees' syllogism.

This is not the first time a claimant has complained to

us that the retroactive fallout from Melkonyan has unfairly

impaired her recovery of an EAJA fee award. See Labrie v. Secre-

tary of Health & Human Servs., 976 F.2d 779 (1st Cir. 1992) (per

curiam). In a case decided after the district court dismissed

Tyler's fee application, we rejected the contention that all

post-Melkonyan "sentence four" remands invariably are to be

considered "final judgments" for purposes of the commencement of

the EAJA filing period. Labrie, 976 F.2d at 786. Although the

Supreme Court scrutinized the district court order in Melkonyan

7

to determine whether it was either a "sentence six" remand or a

voluntary dismissal under Fed. R. Civ. P. 41(a), there was never

any question but what the district court order in Melkonyan was

not a "sentence four" remand. Thus, Melkonyan's references to

EAJA deadlines in "sentence four" cases were dicta which did not

displace the Court's earlier statements in Sullivan v. Hudson,

490 U.S. 877 (1989). See Melkonyan, 111 S. Ct. at 2162. The

Court in Hudson, indisputably a "sentence four" remand case, held

that an EAJA application could encompass attorney fees attribut-

able to postremand proceedings provided the remand order did not

"dictate" that the plaintiff was to receive benefits, since "'the

claimant will not normally attain "prevailing party" status . . .

until after the result of the administrative proceedings is

known.'" Labrie, 976 F.2d at 781 (quoting Hudson, 490 U.S. at

886). We emphasized in Labrie that our reconciliation of the

Melkonyan and Hudson decisions conformed with the legitimate

expectations of the parties in cases pending at the time Mel-

konyan was decided, and with the prevailing practice in this and

other circuits. Id. at 780 n.2 (citing Guglietti v. Secretary of

Health & Human Servs., 900 F.2d 397, 400 (1st Cir. 1990)).

Thus, if Melkonyan does apply by analogy to the present

case, as appellees urge, under our jurisprudence the "sentence

four" remand standard set out in Labrie, and adopted by the

Eighth, Ninth, and Tenth Circuits, must also apply:

When a judicial remand order in Social Secur-
ity disability cases contemplates additional
administrative proceedings that will deter-

8

mine the merits of the claimant's application
for benefits, and thus will determine whether
the claimant is a prevailing party, the dis-
trict court retains discretion to enter a

final judgment for EAJA purposes after the
proceedings on remand have been completed.
On the other hand, if the remand order di-

rects the Secretary to award benefits, the

claimant is a prevailing party and the remand
order is the final judgment for EAJA purpos-
es.

Labrie, 976 F.2d at 786 (emphasis added) (quoting Hafner v.

Sullivan, 972 F.2d 249, 250-51 (8th Cir. 1992)); see also Gray v.

Secretary of Health & Human Servs., 983 F.2d 954, 960 (9th Cir.

1993); Gutierrez v. Sullivan, 953 F.2d 579, 584 (10th Cir. 1992).

Most importantly, if the district court order was an open-ended

remand, pre-Melkonyan practice (as defined in Labrie) would give

rise to the presumption "that the court does intend to retain

jurisdiction in such cases absent an express indication to the

contrary." Labrie, 976 F.2d at 786 (emphasis added).3

Under the Labrie rubric, there can be no question that

the November 6, 1990 judgment "'contemplate[d] additional admini-

strative proceedings [to] determine the merits of the claimant's

application for benefits, and thus [to] determine whether the

3Of course, the Labrie presumption would apply with even

greater force outside the Social Security context. When acting
outside the strictures of the Social Security statute, a review-
ing court normally is not confined to two types of remand, but

possesses the "inherent" authority to condition its remand order
as it deems appropriate. See Melkonyan, 111 S. Ct. at 2165

(citing United States v. Jones, 336 U.S. 641, 671 (1949)).

Absent a Labrie-type presumption, the litigants would have no

reliable criteria for determining the district court's intentions
where an ad hoc remand order was either silent or equivocal as to

the status of the claimant's EAJA application, or the claimant's
status as a "prevailing party."

9

claimant is a prevailing party. . . .'" Id. (citation omitted).

The November 6, 1990 judgment did not "direct" USDOL or MDOL to

award Tyler benefits, but conditionally directed defendants to

award benefits in an as-yet undetermined amount only if Tyler

were found entitled to benefits under the "last separation"

formula and after consideration of other applicable state law.

The "first separation" rule was not the final obstacle to Tyler's

claim for TRA benefits. As the district court recognized, Tyler

filed no administrative appeal from MDOL's denial of basic TRA

benefits in 1985, and, on remand, either USDOL or MDOL would be

in a position to assert their res judicata and administrative

finality defenses to bar Tyler's claim. Tyler, 752 F. Supp. at

39 (citing International Union, U.A.W. v. Brock, 816 F.2d 761,

768-69 (D.C. Cir. 1987) (noting that claimant's entitlement to

reconsideration by State of her TRA benefit determination always

remains subject to "procedural requirements of state law")).

Thus, it was by no means a foregone conclusion that Tyler would

ever receive TRA benefits, or attain the status of a "prevailing

party" under the EAJA. Finally, the November 6, 1990 judgment

contains no express disclaimer of jurisdiction which might

conclusively rebut the Labrie presumption.

The district court apparently denied Tyler's EAJA fee

application solely on the ground that Melkonyan had interposed an

insurmountable jurisdictional bar, see Howitt v. United States

Dept. of Commerce, 897 F.2d 583, 584 (1st Cir.), cert. denied,

498 U.S. 895 (1990), preempting any exercise of the district

10

court's discretion to enter a "final" EAJA judgment pursuant to

Tyler's postremand settlement. Given the widespread confusion

prevailing among the courts at the time, see Labrie, 976 F.2d at

783-86, the district court's interpretation in this case was by

no means without authoritative support. Nevertheless, in light

of the LaBrie presumption, buttressed by the district court's

summary allowance of Tyler's motion for an extension of the

filing deadline to "thirty days after final resolution of the

plaintiffs' claims for Trade Act benefits from the [MDOL]," we

find no jurisdictional bar to Tyler's EAJA fee application.

The order of dismissal is vacated and the case is

remanded for proceedings on the merits of the EAJA fee applica-

tion.

11